IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | No. 11 CV 3203 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| COOK COUNTY and ) | |
| ALPHONSO HILL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward Johnson filed a seven-count complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Alphonso Hill, a medical technician at Cermak Health Services, sexually assaulted him during a medical examination when he was a pretrial detainee at Cook County Jail. In addition to his claims against defendant Hill—Fourth Amendment and due process claims, as well as state-law claims for intentional infliction of emotional distress ("IIED"), assault, and battery—plaintiff has brought several claims against defendant Cook County: (1) failure to properly supervise pretrial detainees, brought pursuant to Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978); (2) respondeat superior liability for IIED; (3) respondeat superior liability for battery; (4) indemnification; and (5) an additional "catch-all" respondeat superior claim. Defendant Cook County has filed the instant motion to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, that motion is granted.

## BACKGROUND

Unless otherwise specified, the following facts come from the amended complaint and are taken as true for purposes of the instant motion to dismiss. On March 13, 2010, defendant

Hill performed a prostate examination on plaintiff, who was a pretrial detainee at Cook County Jail. During the examination, defendant Hill sexually assaulted plaintiff. In addition to the instant action, plaintiff initiated criminal proceedings against defendant Hill, which remain pending.

Plaintiff alleges that Cook County officials were deliberately indifferent to the serious risk of harm to plaintiff. In support of this claim, plaintiff's complaint states that, on the day plaintiff was attacked, the U.S. Attorney's Office sought to permanently enjoin Cook County's widespread practice of inflicting constitutional deprivations on Cook County Jail detainees. As a result, according to plaintiff, Cook County entered into an agreement with the local U.S. Attorney's office to make a number of changes, including hiring an additional 600 correctional officers. As evidence supporting those allegations, plaintiff has attached to his response to the instant motion two documents: a 2008 letter from the Department of Justice to then-Cook County Board President Todd Stroger and Cook County Sheriff Thomas Dart; and an Agreed Order in United States v. Cook Cty., 10 C 2946. Plaintiff requests that the court take judicial notice of these documents, as well as a jury verdict in Thomas v. Sheriff of Cook Cty. (see Thomas v. Sheriff of Cook Cty., 604 F.3d 293, 303 (7th Cir. 2009)), finding "government entities liable for a widespread practice of understaffing the jail that resulted in the death of a pretrial detainee."

## DISCUSSION

**I.     Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

## II. Defendant Cook County's Motion to Dismiss

### A. Count III: Monell Claim

There are three different grounds for an official policy claim: 1) an express policy that causes a constitutional deprivation when enforced; 2) a widespread practice that was so permanent and well settled as to constitute a custom or usage with the force of law; or 3) a constitutional injury caused by an official with final policymaking authority. Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658 (1978). Plaintiff has alleged his claims under the "widespread practice" prong, claiming that the County:

(1) fostered an atmosphere and created a serious risk of sexual assault to detainees at the Cook County Jail through a widespread practice of allowing personnel to be alone with persons in custody; and

3

(2) knowingly fail[ed] to ensure that the jail was adequately staffed to provide the supervision over those in custody to prevent the risk to those in custody, in violation of accepted practices, court orders, and administrative procedures, despite knowing that such understaffing greatly increases the chances that detainees will be subject to violence and sexual violence; and

(3) encourag[ed] the suppression of complaints of misconduct to cover up inadequacies in the supervision and treatment of detainees, thus maintaining an atmosphere and climate where inmates are subject to an unreasonable risk of violence and sexual violence.

Plaintiff has failed, however, to allege the causation element of his Monell claim. To survive a motion to dismiss, such a claim must include facts alleging that the defendant, "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997); see Connick v. Thompson, 131 S.Ct. 1350, 1358 n.5 (2011). Plaintiff has not met that standard. Plaintiff contends that he has satisfied the causation element by alleging that "jail staff would have prevented the attack on Plaintiff, but for the widespread failure to adequately supervise detainees," but this conclusory allegation is insufficient. Nothing in the complaint permits the court to draw a reasonable inference that defendant caused plaintiff to be sexually assaulted. Therefore, because plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2008), plaintiff has failed to sufficiently allege a Monell claim.

Further, plaintiff's Monell claim also fails because it alleges only a single instance of wrongdoing, but does not fall within the "narrow range of circumstances" where the Supreme Court has allowed a "single-incident" theory of Monell liability might be sufficient. To fall within that range, the alleged harm must be a "highly predictable consequence" of a policy. Connick, 131 S.Ct. at 1361 (quoting Bryan Cty., 520 U.S. at 409). In Connick, the Court found

that the failure to train prosecutors on their obligations under Brady v. Maryland, 373 U.S. 83 (1963), did not fall under that "narrow range" because a Brady violation was not an "obvious consequence" of that failure to train, given that prosecutors are independently equipped and ethically obligated to understand and comply with Brady. 131 S.Ct. at 1360-61. The harm plaintiff has alleged is certainly a less highly predictable consequence of the alleged "widespread practices"—understaffing, allowing medical personnel to be alone with detainees, and encouraging the suppression of misconduct complaints—than a Brady violation is of failing to train prosecutors about Brady. Moreover, plaintiff's response brief acknowledges that "the policymakers did not foresee that their unconstitutional policies would cause a sexual attack by a staff member." If Cook County policymakers did not foresee that the policies would lead to the attack plaintiff has alleged, it is difficult to see how the court could construe plaintiff's complaint as alleging that the harm was an obvious consequence of those policies.

Therefore, plaintiff has failed to state a Monell claim against defendant Cook County, and Count III is accordingly dismissed.

**B.      Counts IV, V, VI, and VII: Respondeat Superior Liability**

Plaintiff's attempts to invoke respondeat superior liability to allege claims for IIED (Count IV) and for assault and battery (Count V) against defendant Cook County, as well as for indemnification (Count VI) and to hold it generally liable under a catch-all respondeat superior claim (Count VII), are unavailing. Under well-established Illinois law, an employer is liable for an employee's tort if it was committed in furtherance of his employment or motivated by a desire to serve the employer. E.g., Doe v. City of Chicago, 360 F.3d 667, 670 (7th Cir. 2004). Plaintiff has not alleged any facts permitting a plausible inference that defendant Hill's actions were in

furtherance of his work for Cook County or that his actions were motivated by a desire to serve his employer. Instead, plaintiff has alleged that defendant Hill sexually assaulted him and intentionally inflicted emotional distress upon him. These are intentional torts for which no authority, either cited by the parties or independently located by the court, permits the court to extend respondeat superior liability.

## **CONCLUSION**

For the foregoing reasons, defendant Cook County's motion is granted, and the claims against it are dismissed. The status hearing currently set for December 6, 2011, is reset to December 27, 2011, at 9:00 a.m.


**ENTER:** **November 29, 2011**

_____
 **Robert W. Gettleman**
 **United States District Judge**